# William W. Reed, Executor, &c., *versus* Charles H. Orton et al. to use, &c.

In a certain action by A. against B., an executor, it was necessary for A. to prove the service upon B. of a notice of a previous suit against A., in which B. should have had an opportunity to defend. For this purpose A. called a witness, C., and handed him a notice, which the latter identified as being signed by himself as attorney; also the judge's notes of testimony at a former trial of the same cause, which had taken place about twelve years before, and which showed that C. had then testified to the service of the notice. In answer to various questions asked for the purpose of getting him to state whether he had served such notice, C. testified substantially that he had no personal recollection whatever in regard to it, but that if the judge's notes were correct, and he (C.,) had testified at the former trial that he had served the notice, his testimony then given was true, and he had so served it.

*Held,* that the kind of testimony thus elicited was wholly incompetent for any purpose, and that its admission was therefore erroneous.

February 5, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

ERROR to the Court of Common Pleas of *Erie county:* Of January Term, 1883, No. 253.

This was an action of covenant by Chas. H. Orton, George W. Haverstick and Elon A. Bennett, to the use of E. A. Bennett, against William W. Reed, executor of Henry Cadwell, deceased, to recover on an agreement under seal, whereby Cadwell, as a member of a firm with Orton, Haverstick & Bennett, upon the dissolution of the firm, covenanted to indemnify his partners from all suits and demands arising out of and concerning the said copartnership.

On the trial, before GALBRAITH, P. J., the following facts appeared: In the year 1855, Cadwell, Haverstick, Bennett and Orton entered into a mercantile copartnership in Milwaukee, under the firm name of Haverstick, Bennett & Co. On June 1, 1857, the firm was dissolved by mutual consent, Cadwell taking the assets and covenanting with his partners to settle, adjust and pay the indebtedness of the firm, and to indemnify the retiring members against all suits and demands on account of the partnership debts.

By a note dated February 28, 1857, this firm was indebted to Barnes, Lyman & Co. in the sum of $1,313.30. The latter firm recovered judgment thereon in the United States District

[Reed v. Orton.]

Court, on January 6, 1858, against Cadwell, Haverstick & Orton, there being no service on Bennett in that suit.

On December 3, 1860, Barnes, Lyman & Co. took from Cadwell his judgment bond conditioned for the payment of $1,649.60, the amount then due on their judgment above mentioned. On this bond they entered judgment in the Common Pleas of Erie County to November Term, 1860, No. 261, and on October 31, 1864, they sold and assigned this last judgment to W. W. Lyon, reserving, however, by their assignment, all their rights against the other members of the firm of Haverstick, Bennett & Co., and also all collateral securities held for the payment of their claim. In .1866 W. W. Lyon acknowledged satisfaction of this judgment.

In February, 1861, Barnes, Lyman & Co. brought suit against Bennett alone, in the Common Pleas of Erie County, on their note, upon which they had already recovered judgment against his partners in the United States District Court; and judgment was entered for the plaintiffs March 30, 1861, for want of an affidavit of defence. A sci. fa. to revive this judgment was issued to August Term, 1868, No. 157, and judgment rendered thereon against Bennett also for want of an affidavit of defence, damages being assessed at $2,403.09. An execution issued upon this judgment was afterwards stayed, upon Bennett's giving his note therefor in full, and assigning to J. W. Wetmore, attorney for Barnes, Lyman & Co., all his claims against the estate of Cadwell, by virtue of the contract of indemnity given by Cadwell.

Subsequently this suit was brought to Bennett's use against Wm. W. Reed, the executor of Cadwell, (the latter having died in February, 1868,) to recover the amount for which Bennett had become liable as above to Barnes, Lyman & Co.

The defence set up by Reed was that the debt in question had been settled and paid by Cadwell, and that Bennett knew this fact before judgment was had against him; but that instead of defending against the suit or notifying Reed as executor to do so, he passively permitted judgment to be taken against him. Bennett, on the other hand, claimed that notice had been given to Reed, but that the latter, paying no attention to the same, had allowed judgment to be taken on the claim. In order to prove that Reed was duly notified to defend, the plaintiff called one S. S. Spencer, and handing him a notice entitled in the cause, the witness identified the same as having been signed by himself as counsel for Bennett. The witness was also handed certain notes of his own testimony taken by the judge in 1871, at a former trial of the same cause showing that he had then testified that he had served the notice. After looking at these papers, in answer to various

[Reed *v.* Orton.]

questions, Spencer testified as follows: "I can only state that this is my signature to a notice. I have no recollection other than is contained in Judge VINCENT'S notes of testimony. I see by that I testified some eleven years ago. . . . . . I have no recollection of serving it other than is contained in those notes of testimony. If I swore to it then it was so. I rely on the judge's notes of testimony, but taking that as verity, then I swore to it, and if I did it was so. From the notes of testimony I see I swore I served the notice in 1868. If I so swore, I did. I have no recollection outside of the notes.

"Q. Now, refreshing your recollection from these notes, state what you testified in January, 1871, as to having served this notice upon W. W. Reed.

"A. If the notes of Judge VINCENT are correct, I did testify that I served that notice upon the first Monday of September or October in 1868, and if I so testified at that trial, I did serve the notice."

This testimony was objected to by the defendants. Objection overruled and evidence admitted. Exception. (First assignment of error.)

The plaintiff submitted, inter alia, the following points:

"3. If the notice testified to by S. S. Spencer as having been served upon W. W. Reed, executor of Henry Cadwell, deceased, was served prior to the date of the recovery of judgment of Barnes, Lyman & Co. *v.* E. A. Bennett, in No. 157, of August Term, 1868, or October 29, 1868, and said executor made no defence to said suit against E. A. Bennett, he is now estopped from setting up any defence which he might have had in that action, the judgment recovered in that case against Bennett being conclusive of his right to recover the sum therein recovered against him by Barnes, Lyman & Co., upon the bond of indemnity given to him by Henry Cadwell, deceased." Affirmed. (Fourth assignment of error.)

"5. Even if Lyon or Cadwell told Bennett that the debt of Barnes, Lyman & Co. had been paid by Lyon after the assignment to him, he was not bound to set it up in the action against himself, after having given notice to W. W. Reed, as testified to by S. S. Spencer." Affirmed. (Fifth assignment of error.)

"6. All the satisfaction of the judgment or claim which Lyon had the legal power to make, was only what he received from Barnes, Lyman & Co., and subject to all the reservation therein contained."

*Answer.*—"This is affirmed with the qualification that if the judgment against Cadwell was for the full amount of the debt, and the assignee satisfied it in full on the record, it would, on its face, be a full satisfaction and payment of the claim as to all the parties. This, however, would only be prima facie,

and liable to be explained and contradicted by evidence such as given in this case, as already stated in answer to plaintiff's first point." (Sixth assignment of error.)

The defendant submitted, inter alia, the following points:

"6. That there is no evidence of a legal notice having been served on W. W. Reed, executor of H. Cadwell, to defend the suit of Barnes, Lyman & Co. v. E. A. Bennett, No. 157, August Term, 1868."

*Answer.*—"This is refused; there is evidence from which the jury might find the fact of such notice—if they are satisfied with its sufficiency. . . . . ." (Third assignment of error.)

In the general charge the court instructed the jury, inter alia, as follows. Speaking of the service of the notice: "This is a material point in this case, and it is necessary for the jury to bear in mind the evidence having reference to this question, and scrutinize it carefully. The witness on this point on the part of the plaintiff, is Mr. S. S. Spencer, a member of the bar, to whom this notice was shown, which reads this way: 'The defendant has the contract of indemnity of Henry Cadwell, deceased, against this and other claims against Haverstick, Bennett & Co., and looks to the executor of Henry Cadwell to defend him and keep him harmless from them.'

"Mr. Spencer says he has no recollection whatever of the transaction. That is not to be wondered at after the lapse of time. The time alleged was the 5th of October, 1868, and it is not at all surprising that Mr. Spencer should not undertake to remember. He has no recollection of it whatever, but the notes of the former trial, taken by his Honor, Judge VINCENT, are shown to Mr. Spencer, and from which it appears that he at that time testified that it was served either the first Monday of September or October, 1868. That he testified to that at that time, would appear to be sufficiently clear, and he says, if he did, it must have been true, because he would then have had a recollection of it. Mr. Spencer, it is claimed, is corroborated by pencil memorandum, made on the face of this notice October 5, 1868, which I think it was said was in the handwriting of Mr. Wetmore. And the book or record of the Marine Hospital was produced to show that on that date, October 5, 1868, there was a meeting in the evening at Mr. Spencer's office, at which, according to the record, Mr. Spencer and Reed were present; this for the purpose of showing that those two parties were together some time on that day, and that he might therefore serve the notice." (Second assignment of error.)

Verdict for plaintiff and judgment thereon, whereupon the defendant took this writ, assigning for error the admission of

plaintiffs' evidence as above; the answers to plaintiffs' and defendant's points, and that part of the general charge cited.

*F. F. Marshall* and *John P. Vincent*, for plaintiff in error.— When there is no proof that a witness, presumably of ordinary health and memory, has, by reason of old age or otherwise, lost his memory in the interval between the time of an arbitration and the trial in court, it is error to permit such witness to refresh his memory by properly proved notes of his former testimony before the arbitrators. He, but failed to recollect what he had previously sworn to; but if this were enough, we might as well abandon original testimony altogether, and supply it with previous notes and depositions: Velott *v.* Lewis, 6 Out., 326; Lycoming Ins. Co. *v.* Schreffler, 8 Wr., 269.

*L. S. Norton* (with whom was *J. W. Wetmore*), for defendants in error.—The testimony of S. S. Spencer was relevant. The court did not decide it to be conclusive, and if there had been no more evidence the court below might have granted a new trial. Mr. Spencer does not refresh his recollection. He says that if he did testify in 1871 that he gave the notice, then it was true, and he did give it. In Velott *v.* Lewis, supra, relied on by the plaintiff in error, the plaintiff offered to read to a witness, notes of his testimony, as given before certain arbitrators, that he might refresh his memory as to a date. The defendant objected, because the witness was the plaintiff's, and could not be led by showing him his former testimony. The objection was to a leading question, and the objection was sustained. This is all that is decided in Velott *v.* Lewis, although the language of the court would seem, by its general terms, to make the scope of the decision broader. There is nothing in the case to prevent the application of the doctrine of Rothrock *v.* Gallaher, 10 Nor., 108, to any other case varying in circumstances.

Mr. Justice STERRETT delivered the opinion of the court, October 6, 1884.

In making out their case it was incumbent on the plaintiffs below to prove that defendant was duly notified to defend the suit brought by Lyman, Barnes & Co. against Bennett, the beneficial plaintiff in this case, to No. 157 of August, 1868, of the Court of Common Pleas of Erie county. For this purpose they called Mr. Spencer, and handing him a notice entitled in that case, he identified it as having been signed by himself in the name of "Spencer & Marvin, attorneys for Bennett." They also handed him the judge's notes of a former trial, taken in January, 1871, showing that he had then testified in re-

[Reed *v.* Orton.]

gard to the service of the notice. Having looked at these papers the witness was asked to state whether he had served the notice on W. W. Reed, executor of Henry Cadwell, and if so, when. His reply was; "I can only state that this is my signature to a notice. I have no recollection other than is contained in Judge VINCENT's notes of testimony. I see by them I testified some eleven years ago." In answer to the question whether he was a witness at the former trial in 1871, he said, "I think so; am not positive about it." By numerous questions it was sought to elicit from the witness some testimony as to the service of the notice, but he steadfastly adhered to the position that he had no personal recollection in regard to it. The plaintiffs were then permitted, against the objection of defendant, to ask this question: "Now, refreshing your recollection from those notes, state what you testified, in January, 1871, as to having served this notice on W. W. Reed?" His answer was: "If the notes of Judge Vincent are correct, I did testify that I served that notice on the first Monday of September or October in 1868, and, if I so testified at trial, I did serve the notice." On cross-examination he reiterated, in substance, what he had repeatedly said before, that he had then no personal recollection in regard to the matter.

This is a brief outline of the facts upon which the first assignment of error is based, and we have no hesitation in saying that the kind of testimony thus elicited, and afterwards submitted to the jury, is wholly incompetent for any purpose. It cannot be pretended that it comes within the letter or the spirit of the rule recognized in Emig *v.* Diehl, 26 P. F. Smith, 359; Walbridge *v.* Knipper, 15 Norris, 48; or Rothrock *v.* Gallaher, 10 Norris, 108; and it is certainly irreconcilable with the principle enunciated in Velott *v.* Lewis, 13 W. N. C., 33, in which it is said: "Where there is no proof that a witness, presumably of ordinary health and memory, has, by reason of old age or otherwise, lost his memory in the interval between the time of an arbitration and the trial in court, it is error to permit such witness to refresh his memory by properly proven notes of his former testimony before the arbitrators. He but failed to recollect what he had previously sworn to; but, if this were enough, we might as well abandon original testimony altogether, and supply it with previous notes and depositions."

In charging the jury, as complained of in the second specification, the learned judge, after calling their attention to the materiality of the notice, referred to the testimony relied on by the plaintiffs to prove service thereof, as follows: "The witness, on this point, on the part of the plaintiffs, is Mr. S.

[Apple *v.* Crawford Co.]

S. Spencer, a member of the bar, to whom this notice was shown. . . . . He has no recollection of it whatever, but the notes of the former trial, taken by his Honor, Judge VINCENT, are shown to Mr. Spencer, from which it appears he at that time testified it was served either the first Monday of September or October, 1868. That he so testified at that time would appear to be sufficiently clear, and he says, if he did, it must have been true, because he would then have had a recollection of it." The effect of the incompetent testimony thus submitted to the jury cannot be over-estimated, and it is not unfair to assume that it controlled the verdict. The circumstances referred to by the learned judge as corroborating the witness were immaterial. As we have seen, he neither knew nor testified to anything that was relevant or competent, for the simple reason that if he ever knew anything in relation to the service of the notice he had forgotten all about it. The coincidence of dates might possibly tend to prove that the notice might have been served on October 5, 1868, but it does not tend to prove that it was actually served on that day or at any other time.

It follows, from what has been said, that defendants' sixth point should have been affirmed, and for want of competent testimony to justify the submission of the question of fact involved in plaintiff's third point, it should have been refused. The first to fourth assignments of error, inclusive, are sustained. The fifth and sixth specifications are not sustained.

      Judgment reversed, and a venire facias de novo awarded.